Jeremy V. Richards (CA Bar No. 102300)
Jonathan J. Kim (CA Bar No. 180761)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
jkim@pszjlaw.com

[Proposed] Attorneys for David Gottlieb,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO DIVISION**

| | |
|---|---|
| In re:<br><br>GEORGES MARCIANO,<br><br>Debtor. | Case No.: 1:11-bk-10426-VK<br><br>Chapter 11<br><br>**TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 9, 2011; DECLARATIONS OF JEREMY V. RICHARDS AND JEFFREY N. POMERANTZ IN SUPPORT THEREOF**<br><br>**[NOTICE OF HEARING TO BE SEPARATELY FILED/SERVED]** |

David Gottlieb, the duly appointed chapter 11 trustee in the above-captioned bankruptcy case (the "Trustee"), hereby files this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel to the Trustee in this chapter 11 case (the "Case"), effective as of March 9, 2011.

This Application is brought pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1. In support of the Application, the Trustee respectfully represents as follows:

On October 27, 2009 (the "Petition Date"), Steven Chapnick, Joseph Fahs and Elizabeth Tagle, (the "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of the

Bankruptcy Code. The Court entered its Order for Relief on December 28, 2010.

On March 1, 2011, Creditors Gary and Theresa Iskowitz, Carolyn Malkus, Miram Choi and Camille Abat, through their respective counsel of record, filed a *Motion for Appointment of Chapter 11 Trustee* [Docket No. 213].

On March 3, 2011, the United States Trustee filed *United States Trustee's Request/Joinder for Appointment of a Chapter 11 Trustee Pursuant to § 1104(E)* [Docket No. 217].

On March 4, 2011, the Petitioning Creditors, through their respective counsel of record, filed *Petitioning Creditors' Joinder in Motion for Appointment to Appoint Chapter 11 Trustee and Additional Memorandum of Points and Authorities in Support Thereof; Declaration of Bradley E. Brook and Proof of Service* [Docket No. 219].

On March 7, 2011, the Court entered its *Order Directing Appointment of Chapter 11 Trustee* [Docket No. 221].

On March 10, 2011, the Office of the United States Trustee filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 225], seeking an order approving the appointment of David Gottlieb as the Chapter 11 Trustee in the above referenced case.

On March 11, 2011, this Court entered its *Order Approving Application for the Appointment of Chapter 11 Trustee* [Docket No. 226]. The Firm began work on this engagement on March 9, 2011, the same date that other advisors to the Chapter 11 Trustee commenced work in this case and the date that they seek employment effective as of, as set forth in the *Chapter 11 Trustee's Application to Employ Crowe Horwath, LLP as Accountants; Declaration of Alan L. Kahn in Support Thereof* [Docket No. 238].

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Trustee seeks Court approval to retain the Firm, effective as of March 9, 2011, at the expense of the estate, to provide the legal services that will be required to administer this chapter 11 case. The Trustee desires to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. A copy of the resume of the Firm's attorneys expected to provide services in this matter is attached hereto as **Exhibit A**. The Firm's depth of experience in bankruptcy makes it well qualified to represent the Trustee. More information on the Firm is available at its website, at www.pszjlaw.com. Therefore, the Trustee believes that the Firm's retention is in the best interest of the estate.

The Trustee desires to retain the Firm, at the expense of the Estate, to undertake such tasks as required by the Trustee, including, but not limited to the following:

(a) Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to the secured, priority and general claims of creditors;

(b) Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c) Representing the Trustee in connection with investigation of potential causes of action against persons or entities, and the litigation thereof if warranted and directed by the Trustee to do so;

(d) Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e) Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

(f) Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, *etc.*;

(g) Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate, including assisting in the filing of Schedules, Statement of Financial Affairs and other required documents; and

(h) Rendering such other advice and services as the Trustee may require in connection with this case.

To the best of the Trustee's knowledge and based upon the Declaration of Jeremy V. Richards ("Richards Declaration") and the Declaration of Jeffrey N. Pomerantz ("Mr. Pomerantz" and the "Pomerantz Declaration") attached hereto, neither the Firm nor any of its partners, of counsel, or associates has any connection with the Trustee, Debtor, any creditors of the estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Richards Declaration and the Pomerantz Declaration.

In particular, the Pomerantz Declaration discloses the following:

On July 28, 2009, Mr. Pomerantz was contacted by Michael Resnick, who represented to Pomerantz that he was counsel for Georges Marciano. Mr. Resnick told Mr. Pomerantz that recently a judgment had been entered against Mr. Marciano in the California Supreme Court for hundreds of millions of dollars (the "Judgment") and that Mr. Marciano wanted to meet with Mr. Pomerantz to discuss a potential bankruptcy filing in response to the Judgment. Other than informing Mr. Pomerantz of the existence of the Judgment, Mr. Resnick did not discuss the details of Mr. Marciano's situation on the telephone with Pomerantz.

Traditionally, prior to meeting with a potential new client, Mr. Pomerantz spends as much time as possible researching the circumstances surrounding the potential client's request to meet through, among other things, the internet. In accordance with that practice, after the call and before the meeting with Mr. Resnick and Mr. Marciano, Mr. Pomerantz researched Mr. Marciano and the circumstances surrounding the Judgment on the internet for approximately two hours. After doing that research, Mr. Pomerantz concluded that any bankruptcy case for Mr. Marciano would be heavily contested and extremely difficult including, but not limited to, dealing with Mr. Marciano. Mr. Pomerantz further concluded that he would be extremely careful, as is the Firm's practice, to not obtain any confidential information unless and until the Firm was formally retained and that Mr. Pomerantz would need to quote a very large retainer that he assumed would dissuade Mr. Marciano from retaining the Firm as his counsel.

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

Mr. Pomerantz met with Mr. Resnick and Mr. Marciano at Mr. Maricano's residence in Beverly Hills during the afternoon of July 28. The principal focus of the meeting was Mr. Pomerantz providing Mr. Resnick and Mr. Marciano with an overview of an individual chapter 11 case, including the risks that the case would be dismissed or a chapter 11 trustee would be appointed. During that meeting the only substantive matter that Mr. Resnick or Mr. Marciano described to Mr. Pomerantz was the very general circumstances leading up to the Judgment (all available on the internet) and their strong belief that Mr. Marciano was not given a fair trial and that the Judgment would be reversed on appeal. To the best of Mr. Pomerantz's recollection, Mr. Pomerantz was told by Mr. Marciano that he had some assets outside the United States; Mr. Pomerantz's recollection is that he said some assets were in Canada. At no time did Mr. Marciano provide to Mr. Pomerantz any kind of confidential information regarding Mr. Marciano's business or personal affairs. Further, Mr. Pomerantz did not take notes at the meeting and was not provided copies of any documents by either Mr. Resnick or Mr. Marciano.

At the conclusion of the meeting, which took less than one hour, Mr. Pomerantz informed Mr. Resnick and Mr. Marciano that the Firm would require a $1 million retainer to represent Mr. Marciano in connection with a potential chapter 11 filing for him. As expected, Mr. Marciano expressed surprise at the level of the retainer that was requested and the meeting immediately ended thereafter. Since that July 28, 2009 meeting, Mr. Pomerantz has had no contact whatsoever with either Mr. Resnick or Mr. Marciano.

As stated in the Richards Declaration:

(a) The Firm has in the past and is presently representing David Gottlieb in his capacity as chapter 7 and 11 trustees in other cases wholly unrelated to this matter;

(b) The Firm was contacted by representatives of certain creditors of the Debtor about potentially representing them in a matter related to the Debtor; however, the Firm was informed that any such representation would be on a contingency fee basis, and expressed no interest in the matter.

(c) The Firm represents many committees, whose members may be creditors in the Debtor's chapter 11 case; however, the Firm is not representing any of those entities in this case and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtor;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(d) The Official Unsecured Creditors Committee ("Committee"), should one be appointed, and the Trustee will retain various professionals during the pendency of this case. The Trustee or the Committee may retain other professionals in the future. The Firm has previously worked and will continue to work with certain of these professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests; and

(e) This Firm and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of any current representations in unrelated cases of parties who are creditors or other parties on the conflicts check list attached as **Exhibit D.**

Notwithstanding the foregoing, the Trustee does not believe that any of the relationships described herein will in any way impair the Firm's independence or ability to objectively perform the required services for the Trustee.

To the best of the Trustee's knowledge and based upon the attached Richards Declaration, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Trustee's knowledge and based upon the Richards Declaration, neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

To the best of the Trustee's knowledge and based upon the Richards Declaration, neither the Firm nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason. Accordingly, the Firm and its partners, of counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

policies. The attorneys currently expected to be principally responsible for the case, and their respective hourly rates effective as of March 9, 2011, are as follows: Jeremy V. Richards ($850); Jonathan Kim ($595). The hourly rate for Michael Matteo the paralegal assigned to the case is $220. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as **Exhibit B**.

The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek interim compensation during the case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served upon the Trustee, his proposed counsel, the Debtor and the United States Trustee no later than 14 days from the date of service of notice of the filing of the Application. On March 15, 2011, the Debtor, Georges Marciano, filed his *Notice of Debtor's Preliminary Objection to Chapter 11 Trustee's Employment of Pachulski, Stang, Ziehl & Jones as Counsel* (the "Preliminary Objection") [Docket No. 235], prior to the filing of this Application.[1] Pursuant to LBR 2014-1(b) and LBR 9013-1(o)(4), the Trustee will set for hearing the Application, the Preliminary Objection and any other objection that may be timely filed to the Application (*i.e.*, within 14 days of service pursuant to LBR 2014-1(b)(3)). The Trustee will separately provide notice of the hearing.

Notice of filing of this Application was provided, in the form attached hereto as **Exhibit C**, to Office of the United States Trustee, counsel to the Debtor, and all parties who filed and served a

[1] The Pomerantz Declaration addresses in part the Preliminary Objection. The Trustee and the Firm reserve all rights to further respond to any and all objections to the Application pursuant to the Local Rules of this Court.

request for special notice as of the date of service of the Notice.[2]

**WHEREFORE**, the Trustee requests that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel, as of March 9, 2011, to render services as described above, with compensation to be paid by the estate as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: March 28, 2011

CHAPTER 11 TRUSTEE

By ______________________
David Gottlieb

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[2] Since the Debtor did not file a creditor matrix nor the list of 20 largest unsecured creditors pursuant to the Local Rules, the Trustee is serving this Notice only on the United States Trustee and all parties who have requested special notice.

Jeremy V. Richards (CA Bar No. 102300)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
jkim@pszjlaw.com

[Proposed] Attorneys for David Gottlieb,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO DIVISION**

In re:

GEORGES MARCIANO,

Debtor.

Case No.: 1:11-bk-10426-VK

Chapter 11

**DECLARATION OF JEREMY V. RICHARDS IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MARCH 9, 2011**

**[NOTICE OF HEARING TO BE SEPARATELY FILED/SERVED]**

I, Jeremy V. Richards, declare and state as follows:

1. I am an attorney duly admitted to practice by the State of California and before this Court.

2. I make this declaration in support of the application (the "Application") filed by David Gottlieb, Chapter 11 Trustee, to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel, effective as March 9, 2011.

3. I am a partner of the Firm and am duly admitted and licensed to practice in the State of California and to practice before this Court.

4. The name, address, telephone number, and facsimile number of the Firm are as follows:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

5. This Firm has particular expertise in the areas of insolvency, business reorganization and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 11 trustees in a great number of cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. A copy of the resume of the Firm's attorneys expected to provide services in this matter is attached to the Application as **Exhibit A.**

6. The Trustee desires to retain the Firm, at the expense of the estate, to undertake such tasks as required by the Trustee, including, but not limited to the following:

(a) Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to the secured, priority and general claims of creditors;

(b) Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c) Representing the Trustee in connection with investigation of potential causes of action against persons or entities, and the litigation thereof if warranted and directed by the Trustee to do so;

(d) Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e) Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

(f) Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, *etc*;

(g) Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate; and

(h) Rendering such other advice and services as the Trustee may require in connection with this chapter 11 case (the "Case").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates effective as of March 9, 2011, are as follows: Jeremy V. Richards ($850); Jonathan Kim ($595). The hourly rate for Michael Matteo the paralegal assigned to the Case is $220. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as **Exhibit B**.

8. The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek interim compensation during the case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

9 To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates has any connection with the Trustee, Debtor, Debtor's counsel, any creditors of the estate,

any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee other than as listed below:

(a) The Firm has in the past and is presently representing David Gottlieb in his capacity as chapter 7 and 11 trustees in other cases wholly unrelated to this matter;

(b) A member of the Firm, Jeffrey Pomerantz, had a meeting with the Debtor in July 2009 as described in the Pomerantz Declaration;

(c) The Firm was contacted by representatives of certain creditors of the Debtor about potentially representing them in a matter related to the Debtor; however, the Firm was informed that any such representation would be on a contingency fee basis, and expressed no interest in the matter.

(d) The Firm represents many committees, whose members may be creditors or equity holders in the Debtor's chapter 11 case; however, the Firm is not representing any of those entities in this case and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtor.

(e) The Official Unsecured Creditors Committee ("Committee"), should one be appointed, and the Trustee will retain various professionals during the pendency of this case. The Trustee or the Committee may retain other professionals in the future. The Firm has previously worked and will continue to work with certain of such professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests

(f) The Firm and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of any current representations in unrelated cases of parties who are creditors or other parties on the conflicts check list attached as **Exhibit D.**

10. Notwithstanding the foregoing, I do not believe that any of the relationships described herein will in any way impair the Firm's independence or ability to objectively perform the required services for the Trustee.

11. The Firm has conducted an extensive conflict check within the Firm's database and

thus far the Firm has not encountered any creditors of the Debtor in which an actual conflict exists between the Firm and such creditors. If at any subsequent time during the course of this proceeding the Firm learns of any other representation which may give rise to a conflict, the Firm will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

12. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

13. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

14. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

15. The attorneys from the Firm that will be involved in the Case are familiar with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules and will comply with them.

16. The Firm has not represented and does not currently represent a related debtor in a bankruptcy case in this Court or any other court.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 28th day of March, 2011, at Los Angeles, California.

*/s/ Jeremy V. Richards*
Jeremy V. Richards

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Jeremy V. Richards (CA Bar No. 102300)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
jkim@pszjlaw.com

[Proposed] Attorneys for David Gottlieb,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO DIVISION**

In re:

GEORGES MARCIANO,

Debtor.

Case No.: 1:11-bk-10426-VK

Chapter 11

**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MARCH 9, 2011**

**[NOTICE OF HEARING TO BE SEPARATELY FILED/SERVED]**

I, Jeffrey N. Pomerantz, declare and state as follows:

1. I am an attorney duly admitted to practice by the State of California and before this Court.

2. I make this declaration in support of the application (the "Application") filed by David Gottlieb, Chapter 11 Trustee, to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel, effective as March 9, 2011.

3. I am a partner of the Firm and am duly admitted and licensed to practice in the State of California and to practice before this Court.

4. On July 28, 2009, I was contacted by Michael Resnick, who represented to me that he was counsel for Georges Marciano. Mr. Resnick told me that recently a judgment had been entered against Mr. Marciano in the California Supreme Court for hundreds of millions of dollars (the "Judgment") and that Mr. Marciano wanted to meet with me to discuss a potential bankruptcy filing in response to the Judgment. Other than informing me of the existence of the Judgment, Mr. Resnick did not discuss the details of Mr. Marciano's situation on the telephone with me.

5. Traditionally, prior to meeting with a potential new client I spend as much time as possible researching the circumstances surrounding the potential client's request to meet through, among other things, the internet. In accordance with that practice, after the call and before the meeting with Mr. Resnick and Mr. Marciano I researched Mr. Marciano and the circumstances surrounding the Judgment on the internet for approximately two hours. After doing that research, I concluded that any bankruptcy case for Mr. Marciano would be heavily contested and extremely difficult including, but not limited to, dealing with Mr. Marciano. I further concluded that I would be extremely careful, as is the Firm's and my practice, to not obtain any confidential information unless and until I was formally retained and that I would need to quote a very large retainer that I assumed would dissuade Mr. Marciano from retaining me as his counsel.

6. I met with Mr. Resnick and Mr. Marciano at Mr. Maricano's residence in Beverly Hills during the afternoon of July 28. The principal focus of the meeting was my providing Mr. Resnick and Mr. Marciano with an overview of an individual chapter 11 case, including the risks that the case would be dismissed or a chapter 11 trustee would be appointed. During that meeting the only substantive matter that Mr. Resnick or Mr. Marciano described to me was the very general circumstances leading up to the Judgment (all available on the internet) and their strong belief that Mr. Marciano was not given a fair trial and that the Judgment would be reversed on appeal. To the best of my recollection, I was told by Mr. Marciano that he had some assets outside the United States; my recollection is that he said some assets were in Canada. At no time do I believe that Mr. Marciano provided to me any kind of confidential information regarding Mr. Marciano's business or personal affairs. Further, I did not take notes at the meeting and was not provided copies of any documents by either Mr. Resnick or Mr. Marciano.

7. At the conclusion of the meeting, which took less than one hour, I informed Mr. Resnick and Mr. Marciano that my Firm would require a $1 million retainer to represent Mr. Marciano in connection with a potential chapter 11 filing for him. As expected, Mr. Marciano expressed surprise at the level of the retainer I requested and the meeting immediately ended thereafter. Since that July 28, 2009 meeting, I have had no contact whatsoever with either Mr. Resnick or Mr. Marciano.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of March, 2011, at Los Angeles, California.

Jeffrey N. Pomerantz

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

## Jeremy V. Richards

Mr. Richards has extensive experience representing the major constituencies in bankruptcies, out-of-court workouts, and related litigation, with an emphasis on debtor and creditors' committee representations in large, complex reorganizations. He has written and lectured extensively on insolvency and insolvency-related issues, and has served as director and program committee chair for the Turnaround Management Association Southern California chapter. He is a graduate of Oxford University (B.A. 1979; B.C.L. 1980) and was a Frank Knox Fellow at Harvard Law School (1980-81), where he received his LL.M. He holds an AV Peer Rating, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability,and has been named a "Super Lawyer" in the field of Bankruptcy & Creditor/Debtor Rights every year since 2007 in a peer survey conducted by Law & Politics and the publishers of *Los Angeles* magazine, an honor bestowed on only 5% of Southern California attorneys. Mr. Richards is admitted to practice in California, and is a resident in our Los Angeles office.

**Professional Affiliations**

Member, Board of Trustees, The Buckley School, Sherman Oaks, California

**Programs and Lectures**

California Bankruptcy Forum (real estate bankruptcy issues); Turnaround Management Association (debtor-in-possession financing issues); Beverly Hills Bar Association (entertainment bankruptcy issues)

**Representations**

Chapter 11 debtors: Woodside Homes LLC (formerly one of the nation's largest privately owned homebuilders); People's Choice Home Loan, Inc. and affiliates (formerly a major national subprime lender and loan originator); Thorpe Insulation Company (formerly one of the largest California-based installers and distributors of insulation products); Peregrine Systems (major softward developer/distributor); Murray, Inc.(paper products); Trigem America (U.S. subsidiary of a Korean computer manufacturer); Precision Specialty Metals

Creditors' committees: AMC Entertainment; Qintex Entertainment; Weintraub Entertainment; Leisure Technology; First Capital Holdings; Loews Cineplex

Bondholder & equity committees: Barry's Jewelers; Sun World

Trustees: Triad America Corporation; Oppenheimer Industries.

Examiners: Metropolitan Mortgage (real estate investment and finance entity); DVI, Inc.(equipment financer)

Secured creditors in Mereulo Maddux Properties, Inc.

Provides regular insolvency advice to a major Hollywood studio and other significant entertainment industry participants

Lead insolvency counsel to a national homebuilder in the successful out-of-court restructure of more than $400M of debt

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

**Jonathan J. Kim**

Mr. Kim has represented both debtors and creditors on a wide range of issues in chapter 11 cases, bankruptcy litigation, and federal court appeals, with substantial experience in plan, corporate/transactional, and litigation matters. He is a graduate of Duke University and received his J.D. from Harvard. He is a member of the Financial Lawyers Conference. Mr. Kim is admitted to practice in California, and is a resident in our Los Angeles office.

REPRESENTATIONS

- Chapter 11 debtors: Woodside Group; Ownit Mortgage Solutions; Murray Inc. Peregrine Systems.

MICHAEL MATTEO

Born Akron, Ohio May 23, 1961. Education: Kent State University, Kent, Ohio. Employed by Pachulski Stang Ziehl & Jones LLP since 1996. Worked as a paralegal/office administrator for CCLG, a subsidiary of PSZ&J for three and a half years, specializing in chapter 7 creditor representation and state court litigation.

# EXHIBIT B

**HOURLY BILLING RATES FOR ATTORNEYS AND PARALEGALS OF PACHULSKI STANG ZIEHL & JONES LLP JANUARY 2011 RATES**

| Attorneys | Billing Rate |
|---|---|
| Richard M. Pachulski | $950.00 |
| James I. Stang | $895.00 |
| Dean A. Ziehl | $895.00 |
| Laura Davis Jones | $895.00 |
| Robert J. Feinstein | $895.00 |
| Jeremy V. Richards | $850.00 |
| Robert B. Orgel | $850.00 |
| Ira D. Kharasch | $850.00 |
| Alan J. Kornfeld | $825.00 |
| Richard J. Gruber | $825.00 |
| Andrew W. Caine | $825.00 |
| Debra Grassgreen | $795.00 |
| Henry C. Kevane | $795.00 |
| Jeffrey N. Pomerantz | $795.00 |
| Linda F. Cantor | $795.00 |
| John A. Morris | $795.00 |
| David J. Barton | $775.00 |
| Stanley E. Goldich | $775.00 |
| David M. Bertenthal | $775.00 |
| Iain A.W. Nasatir | $750.00 |
| Kenneth H. Brown | $750.00 |
| John D. Fiero | $725.00 |
| James E. Mahoney | $725.00 |
| James K.T. Hunter | $725.00 |
| Samuel R. Maizel | $725.00 |
| Steven J. Kahn | $725.00 |
| Ellen M. Bender | $725.00 |
| Daryl G. Parker | $725.00 |
| Bruce Grohsgal | $705.00 |
| Maxim B. Litvak | $675.00 |
| Bradford J. Sandler | $675.00 |
| Shirley S. Cho | $650.00 |
| Harry D. Hochman | $650.00 |
| Victoria A. Newmark | $650.00 |
| James E. O'Neill | $650.00 |
| Joshua M. Fried | $650.00 |
| Jeffrey W. Dulberg | $625.00 |
| Maria Bove | $625.00 |
| Scotta E. McFarland | $595.00 |
| Gina F. Brandt | $595.00 |
| Jonathan J. Kim | $595.00 |
| Malhar S. Pagay | $595.00 |
| Jeffrey Kandel | $595.00 |
| Michael R. Seidl | $595.00 |
| Jason S. Pomerantz | $595.00 |
| Mary D. Lane | $575.00 |
| Gail S. Greenwood | $575.00 |
| Robert M. Saunders | $575.00 |
| Beth E. Levine | $575.00 |
| Jeffrey P. Nolan | $575.00 |
| Nina L. Hong | $575.00 |
| Curtis A. Hehn | $575.00 |
| Gabriella A. Rohwer | $575.00 |
| Erin Gray | $550.00 |
| Gillian N. Brown | $550.00 |
| William L. Ramseyer | $550.00 |
| Pamela E. Singer | $550.00 |
| Miriam Khatiblou | $550.00 |
| Ilan D. Scharf | $550.00 |
| Elissa A. Wagner | $525.00 |
| Timothy P. Cairns | $495.00 |
| John W. Lucas | $495.00 |
| Kathleen P. Makowski | $475.00 |
| Teddy M. Kapur | $475.00 |
| Cia H. Mackle | $425.00 |
| Jason H. Rosell | $395.00 |
| Peter J. Keane | $345.00 |

| Paralegals | Billing Rate |
|---|---|
| Denise A. Harris | $255.00 |
| Kathleen F. Finlayson | $255.00 |
| Beth D. Dassa | $255.00 |
| Shawn A. Quinlivan | $255.00 |
| Patricia J. Jeffries | $255.00 |
| Monica A. Molitor | $255.00 |
| Felice S. Harrison | $255.00 |
| Jorge Rojas | $250.00 |
| Louise Tuschak | $245.00 |
| Karina K. Yee | $245.00 |
| Patricia E. Cuniff | $245.00 |
| Margaret L. Oberholzer | $245.00 |
| Cheryl A. Knotts | $235.00 |
| Michael A. Matteo | $220.00 |
| Thomas J. Brown | $220.00 |
| Kati L. Suk | $200.00 |
| John F. Bass | $175.00 |
| Andrew C. Sahn | $175.00 |
| Law Library Dir. | Billing Rate |
| Leslie A. Forrester | $275.00 |

| Law Clerks/Clerks | Billing Rate |
|---|---|
| Rita M. Olivere | $175.00 |
| Sheryle L. Pitman | $175.00 |
| Dina K. Whaley | $175.00 |
| Beatrice M. Koveleski | $175.00 |
| Charles J. Bouzoukis | $165.00 |
| Andrea R. Paul | $165.00 |
| Karen S. Neil | $165.00 |

# EXHIBIT C

Jeremy V. Richards (CA Bar No. 102300)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
jkim@pszjlaw.com

[Proposed] Attorneys for David Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO DIVISION**

| | |
|---|---|
| In re:<br><br>GEORGES MARCIANO,<br><br>Debtor. | Case No.: 1:11-bk-10426-VK<br><br>Chapter 11<br><br>**NOTICE OF FILING APPLICATION OF CHAPTER 11 TRUSTEE TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MARCH 9, 2011**<br><br>**[NOTICE OF HEARING TO BE SEPARATELY FILED/SERVED]** |

**TO THE DEBTOR AND HIS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ANY PARTY WHO FILED AND SERVED A REQUEST FOR SPECIAL NOTICE[1]:**

**PLEASE TAKE NOTICE** that David Gottlieb, the Chapter 11 Trustee (the "Trustee"), has filed with the Court an application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as general bankruptcy counsel, effective as of March 9, 2011 to perform the following services in connection with this chapter 11 case (the "Case"):

[1] Since the Debtor did not file a creditor matrix nor the list of 20 largest unsecured creditors, the Trustee is serving this Notice only on the United States Trustee and all parties who have requested special notice.



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(a) Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to the secured, priority and general claims of creditors;

(b) Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c) Representing the Trustee in connection with investigation of potential causes of action against persons or entities, and the litigation thereof if warranted and directed by the Trustee to do so;

(d) Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e) Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

(f) Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc;

(g) Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate; and

(h) Rendering such other advice and services as the Trustee may require in connection with this case.

A true and correct copy of the Application can be obtained by contacting Michael Matteo, Paralegal, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1100, Los Angeles, CA 90067, (310) 277-6910, Facsimile (310) 201-0760, mmatteo@pszjlaw.com.

**PLEASE TAKE FURTHER NOTICE** that, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be

principally responsible for the Case, and their respective hourly rates effective as of March 9, 2011, are as follows: Jeremy V. Richards ($850); Jonathan J. Kim ($595). The hourly rate for Michael Matteo the paralegal assigned to the Case is $220. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached to the Application as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that while the Firm did not receive any retainer in connection with its proposed employment, it is contemplated that the Firm may seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(1), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served upon the Trustee, his proposed counsel, the Debtor and the United States Trustee no later than 14 days from the date of service of notice of the filing of the Application. On March 15, 2011, the Debtor, Georges Marciano, filed his *Notice of Debtor's Preliminary Objection to Chapter 11 Trustee's Employment of Pachulski, Stang, Ziehl & Jones as Counsel* (the "Preliminary Objection") [Docket No. 235], prior to the filing of this Application. Pursuant to LBR 2014-1(b) and LBR 9013-1(o)(4), the Trustee will set for hearing the Application, the Preliminary Objection and any other objection that may be timely filed to the Application (*i.e.*, within 14 days of service pursuant to LBR 2014-1(b)(3)). The Trustee will separately provide notice of the hearing.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Wherefore, the Trustee respectfully requests that the Court enter an order approving the Application and granting such other and further relief as this Court deems just.

Dated: March 28, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ Jeremy V. Richards
Jeremy V. Richards
[Proposed] Attorneys for Chapter 11 Trustee

**Exhibit D**

**Names Run Through Conflicts Check:**

Marciano, Georges

Iskowitz, Gary

Iskowitz, Theresa

Malkus, Carolyn

Chapnick, Steven

Choi, Miriam

Tagle, Elizabeth

Fahs, Joseph

Abar, Camille

Gottlieb, David

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 9, 2011; DECLARATIONS OF JEREMY V. RICHARDS AND JEFFREY N. POMERANTZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***March 28, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On ***March 28, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
The Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Blvd., Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ________________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 28, 2011 | Patricia Caprilli | */s/ Patricia Caprilli* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:11-bk-10426-VK Notice will be electronically mailed to:**

Bradley E Brook on behalf of Attorney Bradley Brook
bbrook@bbrooklaw.com, jimmy@bbrooklaw.com;brookecfmail@gmail.com

Peter A Davidson on behalf of Creditor Camille Abat
pdavidson@ecjlaw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Daniel J McCarthy on behalf of Debtor Georges Marciano
dmccarthy@hillfarrer.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Anthony J Rothman on behalf of Attorney Bradley Brook
anthony@arothmanlaw.com

Kenneth N Russak on behalf of Interested Party Courtesy NEF
krussak@frandzel.com, efiling@frandzel.com;ltokubo@frandzel.com

Richard Seegman on behalf of Interested Party Courtesy NEF
rseegman@wolfgroupla.com, kmanning@wolfgroupla.com;ltarring@wolfgroupla.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (SV)
hatty.yip@usdoj.gov

**II. SERVED BY U.S. MAIL**

Georges Marciano
1000 North Crescent Drive
Beverly Hills, CA 90210

Michael E. Reznick
Law Offices of Michael E. Reznick
Oak Park
283 Ocho Rios Way
Agoura Hills, CA 91377-5540