Jeremy V. Richards (CA Bar No. 102300)
Linda F. Cantor (CA Bar No. 153762)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
*jrichards@pszjlaw.com*
*lcantor@pszjlaw.com*
*jkim@pszjlaw.com*

Attorneys for David K. Gottlieb, Plan Administrator

**FILED & ENTERED**

**OCT 07 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GEORGES MARCIANO, *et al*.,<br><br>　　　　　　Debtors.<br><br>---<br><br>Affects:<br><br>☒  ALL DEBTORS<br>☐ GEORGES MARCIANO<br>☐ LASKY PROPERTIES, INC.<br>☐ 1000 CRESCENT, LLC<br>☐ 631 MOUNTAIN, LLC<br>☐ 9521 SUNSET, LLC<br>☐ PACIFIC BLUEWOOD, LLC<br>☐ ATLANTIC SHAMROCK, LLC<br>☐ CENTERED DOTS, LLC<br>☐ BROWNWOOD CREEK, LLC<br>☐ GEORGES MARCIANO HOLDINGS, INC.<br>☐ BEVERLY HILLS ANTIQUES, INC. | Case No.: 11-10426-VK<br><br>Chapter 11<br><br>Jointly Administered with Case Nos.:<br>12-11056-VK, 12-11058-VK, 12-11060-VK,<br>12-11063-VK, 12-11064-VK, 12-11065-VK,<br>12-11066-VK, 12-11067-VK, 12-11068-VK,<br>12-21028-VK<br><br>**ORDER RE FINAL APPLICATIONS OF PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**<br><br>**Re Dkt. Nos.  2791, 2792, 2799, 2801, 2803, 2805, 2806, 2810, 2813**<br><br>Hearing<br>Date:　September 18, 2014<br>Time:　10:30 a.m.<br>Place:　Courtroom 301<br>　　　　21041 Burbank Boulevard<br>　　　　Woodland Hills, CA 91367 |

　　　WHEREAS this matter came before the Court upon the submission of the following applications (individually, a "<u>Final Application</u>" and, collectively, the "<u>Final Applications</u>") for final

DOCS_LA:281483.2 32270/001

approval of compensation and reimbursement of expenses filed by the following applicants (collectively, the "Applicants"):

1. *Final Application of Ervin Cohen & Jessup ("ECJ") for Approval of Compensation and Reimbursement of Expenses [Docket No. 2791];*

2. *Third and Final Application of Pachulski Stang Ziehl & Jones LLP ("PSZJ") for Final Approval of Compensation and Reimbursement of Expenses [Docket No. 2792];*

3. *Third Interim and Final Application of Crowe Horwath LLP ("Crowe") for Interim and Final Approval of Compensation and Reimbursement of Expenses [Docket No. 2799];*

4. *Third and Final Application of Pricewaterhousecoopers Inc. ("PwC") for Final Approval of Compensation and Reimbursement of Expenses [Docket No. 2801];*

5. *Third and Final Application of Hughes Hubbard & Reed LLP ("HHR") for Allowance and Payment of Compensation and Reimbursement of Expenses [Docket No. 2803];*

6. *Third and Final Application of Drinker Biddle & Reath LLP ("Drinker") for Allowance and Payment of Interim Compensation and Reimbursement of Expenses [Docket No. 2805];*

7. *Third and Final Application of Osler, Hoskin & Harcourt LLP ("Osler") for Allowance and Payment of Interim Compensation and Reimbursement of Expenses [Docket No. 2806];*

8. *Third Interim and Final Application for Compensation and Reimbursement of Expenses by Chapter 11 Trustee (the "Trustee") [Docket No. 2810]; and*

9. *Third and Final Application of Blake, Cassels & Graydon LLP ("Blakes") for Final Approval of Compensation and Reimbursement of Expenses [Docket No. 2813].*

DOCS_LA:281483.2 32270/001

Whereas the *Order Re Second Interim Applications of Professionals for Compensation and Reimbursement of Expenses* [Docket No. 2315] provided that the remaining fee holdbacks relating to Applicants' first interim applications (the "First Interim Period") could be reduced to 5% of the allowed fees and that the holdback with respect to all of the second interim applications (the "Second Interim Period") could likewise be reduced to 5% of allowed fees until the time of final fee applications (the "Final Period"); whereas, the Trustee has submitted a declaration [Docket No. 2823] in accordance with Local Bankruptcy Rule 2016(a)(1)(A)(iii) establishing that the bankruptcy estates (the "Estates") in these cases have sufficient funds on hand to pay fees and expenses approved and authorized for payment by this Order in addition to paying all other accrued and administrative expenses and liabilities; whereas, notice of the Applications and the hearing thereon was proper and sufficient under the circumstances; whereas, the Court has considered all of the Applications, the Trustee's declaration, all filings related to the Applications, including the objections and request for continuance of Art Pack, Inc. (the "Art Pack Objection") [Docket No. 2818], and the record in this case; for the reasons set forth on the record and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Applications are granted, and the requested fees and expenses are approved, on a final basis. All previously allowed fees and expenses approved on an interim basis are now approved on a final basis.

2. The Art Pack Objection is overruled.

3. Pursuant to its Final Application, ECJ is approved and awarded on a final basis the amount of $1,351,000.11, consisting of $1,303,977.00 in fees incurred and $47,023.11 in costs advanced. The Trustee is authorized to pay to ECJ from funds of the Estates the remaining amount due of $145,432.27.

4. Pursuant to its Final Application, PSZJ is approved and awarded on a final basis the amount of $11,423,215.64, consisting of $10,691,939.25 in fees incurred and $731,276.39 in costs

DOCS_LA:281483.2 32270/001

advanced.  The Trustee is authorized to pay to PSZJ from funds of the Estates the remaining amount due of $779,932.03.

5.   Pursuant to its Final Application, Crowe is approved and awarded on a final basis the amount of $2,945,913.09, consisting of $2,937,408.00 in fees incurred and $8,505.09 in costs advanced.  The Trustee is authorized to pay to Crowe from funds of the Estates the remaining amount due of $229,351.62.

6.   Pursuant to its Final Application, PwC is approved and awarded on a final basis CAD $2,605,127.03, consisting of CAD$1,447,955.00 in fees incurred and CAD$1,157,172.03 in costs advanced.  The Trustee is authorized to pay to PwC from funds of the Estates the remaining amount due of CAD$98,319.23.

7.   Pursuant to its Final Application, HHR is approved and awarded on a final basis $284,127.94, consisting of $281,259.70 in fees incurred and $2,868.24 in costs advanced.  The Trustee is authorized to pay to HHR from funds of the Estates the remaining amount due of $23,584.98.

8.   Pursuant to its Final Application, Drinker is approved and awarded on a final basis $615,018.40, consisting of $572,135.00 in fees incurred and $42,883.40 in costs advanced.  The Trustee is authorized to pay to Drinker from funds of the Estates the remaining amount due of $28,675.08.

9.   Pursuant to its Final Application, Osler is approved and awarded on a final basis CAD $1,333,251.41, consisting of CAD$1,110,457.00 in fees incurred and CAD$222,794.41 in costs advanced.  The Trustee is authorized to pay to Osler from funds of the Estates the remaining amount due of CAD$75,655.24.

10.   Pursuant to its Final Application, the Trustee is approved and awarded on a final basis $846,938.82, consisting of $838,672.12 in fees incurred and $8,266.70 in costs advanced.  The Trustee is authorized to pay to himself from funds of the Estates the remaining amount due of $78,821.84.

11.   Pursuant to its Final Application, Blakes is approved and awarded on a final basis CAD$2,667,649.41, consisting of CAD$2,135,205.50 in fees incurred, and CAD$532,443.91 in

DOCS_LA:281483.2 32270/001

costs advanced.  The Trustee is authorized to pay to Blakes from funds of the Estates the remaining amount due of CAD$120,495.10.

12. The Court will retain jurisdiction to determine all matters arising from or relating to the implementation of this order.

# # #

Date: October 7, 2014

Victoria S. Kaufman
United States Bankruptcy Judge

DOCS_LA:281483.2 32270/001